UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARED M. SMITH, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17-3092 |
| | ) | |
| KESS ROBERSON and L. HOPP, | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Warden Kess Roberson and Health Care Unit Administrator (HCUA) L. Hopp violated his constitutional rights at the Lincoln Correctional Center. Plaintiff says Inmate E.C. went to the Health Care Unit on an unspecified date and was diagnosed with chickenpox. Inmate E. C. remained in the medical unit for approximately five days before he was allowed to come back to Plaintiff's housing unit. Two more inmates were then diagnosed with chickenpox and the entire housing unit was placed under quarantine.

Defendant Hopp told inmates the Illinois Department of Health required the 21 day quarantine to make sure chickenpox "had run its course and was no longer a threat

1

or contagious." (Comp., p. 5). Warden Roberson also stopped porters from cleaning the unit and stopped laundry and showers. However, Plaintiff clarifies his claim is Defendants should not have allowed Inmate E.C. back in the housing unit in the first place. Plaintiff says he never contracted chicken pox, but was "put in danger of possibly doing so." (Comp., p. 6). In response to Plaintiff's grievance, correctional staff claimed all proper procedures and protocols were followed. (Comp, p. 8).

Failure to take reasonable measures in the face of a substantial risk of serious harm violates the Constitution. *Farmer v. Brennan,* 511 U.S. 825, 845 (1994); *Arnett v. Webster,* 658 F.3d 742, 754 (7th Cir. 2011). "For instance, a prison official who ignores a serious medical risk, such as deliberately exposing an inmate to a 'serious communicable disease' even if the inmate does not contract the disease, may be held liable under the Eighth Amendment." *Koester v. Unknown Parties*, 2016 WL 2851119, at *2 (S.D.Ill. May 16, 2016) *quoting Helling v. McKinney,* 509 U.S. 25, 33 (1993). However, to be liable for a constitutional violation, there must be both a "substantial risk of serious harm," and officials must have known of and disregarded the "excessive" risk of harm to the inmate. *Farmer,* 511 U.S. at 832-837; *Koester,,* 2016 WL 2851119, at *2.

In this case, Plaintiff complains of the potential threat of chickenpox. However, a person infected with chickenpox may not show any symptoms for 10 to 21 days, and an infected individual may be contagious for up to 48 hours before a rash or any other

symptoms appear. ¹ Therefore, Inmate E.C. could be contagious before anyone knew he had chickenpox and Inmate E. C. could spread the disease to other inmates before he reported his symptoms to the Defendants. The Plaintiff admits once he was diagnosed with chickenpox, Inmate E.C. was kept in the Health Unit while he received treatment and he not returned to his housing unit for approximately five days. Once the Defendants knew the chickenpox had spread, the unit was placed under quarantine to try and limit the exposure to other inmates. Based on the allegations in Plaintiff's complaint, the Defendants were not deliberately indifferent to the spread of the virus.

In addition, even if Plaintiff had articulated a constitutional violation, he has not alleged any damages. Plaintiff did not contract chickenpox, he no longer faces a threat of chickenpox, and he is no longer incarcerated at Lincoln Correctional Center.

**IT IS THEREFORE ORDERED:**

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [6, status].

**2)** This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

---

¹ http://www.mayoclinic.org/diseases-conditions/chickenpox/symptoms-causes/dxc-20191277, last visited September 19, 2017; see also http://www.webmd.boots.com/children/guide/chickenpox-incubation-period, last visited September 19, 2017.

3

**3)** If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 21st day of September, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE